■Chief Justice Robertson,
dolivsred the opinion of the Court.
William Lewis obtained a virdict and judgment against Hugh Logan for $45, in an action of indebitatus assumpsit, for use and occupation.
In addition to sopie evidence tending to prove the value of the use, the only proof on the trial, on the general issue, was-i-that a Deputy Marshal, in virtue of a fieri facias, sold to Isaac Miller, on the 19th of May, 1827, for $500, a tract of land, owned and occupied by Hugh Logan, which, having been resold with Miller’s assent, to William Lewis for $1000, the Marshal, Logan and wife, and Miller, conveyed it to Lewis, on the 23d of May, 1827,— that, at the time of the sale, Logan had “planted his corn and other crops,” and that he remained on the land until February 1828, when he surrendered the possession to Lewis.
On this state of case, the counsel for Logan moved the circuit court, to instruct the jury to find as in case of a nonsuit, because there was no proof of an express assumpsit to pay any thing for the use of the land, after the date of the conveyance. But the motion was overruled, as was also a motion for a new trial, after virdict.
It is said in some elementary books, that a statute of George II, gave the action of assumpsit for use attd occupation, and that, the common law allowed *4 no such remedy. This is a mistake, although it seems to have been sanctioned by the loose dicta of some Judges.
As an express lease was deemed a real contract, the common law remedy on a parol demise, was debt or distress — Assumpsit would not lie. But when there was no demise, but a simple promise to pay a given sum or quantum valebat for permission to occupy, or in consideration of having been permitted to occupy the tenement of the promisee, assumpsit was the appropriate common iawaction. And the statute of George II, was enacted simply to allow assumpsit for use and occupation in all cases of parol “agreement’’ for rent, including express demises, on which debt, and not assumpsit, was the appropriate common law action. But when there had been no formal demise, assumpsit for use and occupation was the usual, and perhaps only common law remedy. Wheaton’s Selwyn 1078. Dartnal vs. Morgan Cro. Ja. 598. Sleeck vs. Bowsel Ib. 668. How vs. Norton, 1 Lev. 179. Epes vs. Cole, 4th Henning and Munford, 161. Smith vs. Stewart, 6th Johnson’s Reports, 46.
In Buller’s nisiprius (138) — in 2d Comyn on Con. and 6th Johnson’s reports, (48) it is said that, at common law, assumpsit would lie on an express, but not on an implied promise for use and occupation ; and that to maintain the action on an express promise, it was necessary to shew that the promise was made at the time of the demise. These dicta seem all to have been deductions from the case of Johnson vs. May, 3d Lev. (150;) and that case is not sufficient to establish any such doctrine.
It is evident that, when there was an express "demise,” assumpsit was not maintainable at common law, on the express promise made “af the time of the demise.” Assumpsit for use and occupation was inantainable, at common law, only when there had been no formal, lease, but when there had been a collateral promise to pay for the use by the owner’s permission. And we are unable to perceive any sufficient reason why such a promise might not be implied ; nor, if implied, why assumpsit could not llave been mantained upon it, as well as i)' it had *5 been express. The statute of George II, speaks only of agreements “not by deed,” implying thereby, express leases or demises; and hence, if assumpsit could not have been maintained at common law, on an implied undertaking in consideration of use and occupation, by permission without lease, we should be at a loss to determine how it can now be maintained, as it certainly may be in England.
The statute of George II, did not give it; it existed before, as both authority and analogy tend to prove. There can be no good reason why assumpsit could have been maintained on an express contract, but not on a contract implied from the fact of use and occupation under such circumstances as in any other class of cases, impose a legal obligation, by implication.
If an action could not have been brought on an express contract for rent, in consequence of the application to it of the statute of frauds, was there no remedy at common law? Surely there was ; be? cause there was still a legal liability. Roberts vs. Tennels, 3d Mon. Why might not that remedy have been assumpsit upon a quddtum valcbat, as it might certainly have been, if there had been an express promise to pay, in consideration of prior occupancy, as much as the use was worth? It is at least questionable whether debt could have been maintained, at common law, for use and occupation, without anyjkase or other express contract. If it could not have been, assumpsit could have been maintained, as a matter of course ; and even if debt could have mantained, assumpsit would have been equally appropriate.
_ Assumpsit was sustained in How vs. Norton; and it would seem that the promise in that case, was implied and not express.
Professor Wooddeson, speaking' of the action of assumpsit, (3d vol. p. 153,) says, “This action is “also mantainable to obtain a recompense, for the “occupation of the plaintiff’s land, by his permission, where there is no stipulation for any precise “rent. The declaration states a promise to pay so “much as the landlord reasonably deserved to have “for such permission ; which promise may be im *6 “plied by law: for there being no certain rent, the “plaintiif could neither distrain nor properly, per“haps, bring an action of debt ; this seems the plain-stiff’s genuine remedy.”
Assumpsit is maintainable at common law, for the use and occupation of lands or tenement0, a)tho. no express contract or promise, a promise to pay being impiicd.^
The Court of Appeals of Virginia, decided in Sutton vs. Mandeville, (1 Munford) and the Supreme Court of Connecticut decided also in Dun vs. Scoval, (Day’s cases, 229,) that assumpsit was mantainable at common law, on an implied promise in consideration of use and occupation, when there had been no express promise, or express lease.— This we deem the true doctrine. If there had been an express lease, the common law did not imply a promise to pay the rent; and this is probably, all that Builer and Comyn meant. But when there was no express contract of lease, a promise might have been implied, and assumpsit maintained.
We are therefore of opinion that, though the statute of George II, was never in force here, assumpsit is mantainable for use and occupation, without any express contract or promise.

in this case, although the Judges concurred on the maiA question in regard to the form of action, yet Justices Underwood and Buckner considered the right of the plaintiff as extending beyond the limits granted him by the Chief Justice Robertson, and the opinions on the minor question are as follows:

Judges Underwood and Buckner are of opinion, from the facts stated, nothing more appearing^hat the plaintiff below, had a right to recover fofiuse and occupation. The defendant, it seems, had money and land both. An action of ejectment could have been successfully prosecuted against him, immediately after the conveyance. He occupied without molestation, and it must be taken that it was with the assent of the grantee. Under these circumstances, they think the law implies a promise to pay for the use, and conseqently the jury had a right to find as they did.
The Chief Justice is of opinion, on this point, that, as the crop was growing at the date of the conveyance, and as it seems that Logan had a right to it, and the consequential right to mature and *7 perfect it, (for it does not appear that Lewis ever had, or asserted any claim to it,) the presumption of law, as well as of fact, is that Logan was to retain the possession until lie could secure his crop, or in, other words, during the customary year ; — that he was not therefore Lewis’ tenant during that year— but was to hold the land as he had held it, and was to yield the possession at the end of the year ; and that, no fact appearing to the contrary, consequently the only allowable deduction is that, in consequence merely of the conveyance, Logan was under no implied obligation to pay for the privilege of securing, his growing crop ; and that the law would not, in such a case, imply an assumpsit to pay rent. He therefore dissents from the majority of the court on this point, and is of opinion that the facts do not sustaiu the verdict. But as a majority of the court entertain a different opinion, the judgment must be affirmed.
Denny and Breckenridge for the plaintiff.